FILED
18 JAN 03 PM 4:23

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 18-2-00374-1 SEA

SUPERIOR COURT OF THE STATE OF WASHINGTON

FOR KING COUNTY

| | |
|---|---|
| HILARIO VALDEZ AND CORAZON VALDEZ, husband and wife<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION, a/k/a AMTRAK, a Washington, D.C. Corporation,<br><br>Defendants. | CASE NO.<br><br>PLAINTIFFS' COMPLAINT FOR PERSONAL INJURIES- NEGLIGENCE |

COME NOW Plaintiffs, by and through their undersigned attorneys, and for cause of action against Defendant states and alleges as follows:

I.   PARTIES, JURISDICTION AND VENUE

1.1   Plaintiffs Hilario and Corazon Valdez are residents of King County, Washington.

1.2   Defendant AMTRAK maintains offices and does substantial business in King County, Washington.  Defendant AMTRAK is a common carrier by railroad engaged in the business of providing passenger rail transportation.

PLAINTIFF'S COMPLAINT FOR PERSONAL
INJURIES - NEGLIGENCE - Page 1

THORNTON MOSTUL, PLLC
1000 SECOND AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98104
TELEPHONE (206) 621-0600 / FACSIMILE (206) 621-6443

1.3     The events that are the subject of this litigation occurred during a passenger train trip that originated in Seattle, King County, Washington with intended destination at least as far as Portland, Oregon.

1.4     Defendant operates several passenger trains in the Pacific Northwest that are used on its CASCADE routes.  These trains were designed for shorter runs and are not equipped with sleeping accommodations.  The CASCADE trains were supplied to AMTRAK by TALGO, Inc. Upon information and belief, Plaintiff alleges that TALGO employs onboard technicians to assist AMTRAK with the equipment unique to the TALGO trains.  The on-board technicians supplied by TALGO are not trained or authorized to assist with the actual operation of the trains. In particular, Plaintiff HILARIO was not trained or authorized to assist with the actual operation of the train involved in this incident.

1.5     During all events in question Plaintiff HILARIO VALDEZ was employed by TALGO to work aboard AMTRAK trains as an on-board technician.   His on-duty location was at King St. Station, Seattle, King County, Washington.

1.6     This Court has jurisdiction and venue over the subject dispute.  The Court has general jurisdiction over tort claims based on personal injury, and venue is proper because the trip in question originated in King County, Washington and Defendant has substantial offices and does business in King County, Washington.

## II.     AGENCY

2.1     During all events in question, Defendant AMTRAK acted as common carrier of passengers by railroad.  Defendant AMTRAK acted through its agents and employees and said agents and employees were acting within the course and scope of their employment/agency relationship.

2.2     During all events in question Plaintiffs HILARIO and CORAZON were and are husband and wife.

PLAINTIFF'S COMPLAINT FOR PERSONAL
INJURIES - NEGLIGENCE - Page 2

THORNTON MOSTUL, PLLC
1000 SECOND AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98104
TELEPHONE (206) 621-0600 / FACSIMILE (206) 621-6443

### III. ACCIDENT FACTS

3.1   On December 18, 2017, Plaintiff HILARIO was assigned to work aboard Defendant AMTRAK's CASCADE train scheduled to depart Seattle at approximately 6:00 AM. Plaintiff HILARIO reported for work as assigned and was on board the train and engaged in his work duties as an employee of TALGO at the time of the subject incident.

3.2   Defendant's AMTRAK's CASCADE trains were not equipped with traditional railroad dining cars with waiter service. Instead, these trains provided a BISTRO car that offered counter food service as well as booths for seating. It was customary and accepted on these trains that on-board train crews and the TALGO service technician would be stationed at BISTRO car dining tables when not actively involved elsewhere on the train. At the time of this incident, Plaintiff HILARIO was in his usual position at a BISTRO car dining table.

3.3   At or about 7:33 AM on December 18, 2017, the subject train was proceeding southbound, and was south of Tacoma, proceeding towards a crossover bridge over I-5 in the Dupont, WA area.

3.4   The subject train was the first run by AMTRAK on a revised new route that was rebuilt to allow faster passenger service between Seattle and Portland.

3.5   The revised tracks were built with a significant curve immediately north of the crossover bridge. Due to the nature of the curve, reduced speed was required to assure safe train travel through the curve, and, upon information and belief, a safe train speed limit of 30 MPH was established for this location. The speed limit was entered into Defendant's time tables, which are used as instructions to be followed by train crews. In addition, speed limits signs for trains were posted warning of the required reduced speed.

3.6   Upon information and belief, Defendant, acting through its agents and employees, in disregard of the safe speed restrictions at this location, drove the train into this area at speeds approaching 80 MPH. Because of this excessive speed, the AMTRAK train was unable to negotiate the curve. The

PLAINTIFF'S COMPLAINT FOR PERSONAL
INJURIES - NEGLIGENCE - Page 3

THORNTON MOSTUL, PLLC
1000 SECOND AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98104
TELEPHONE (206) 621-0600 / FACSIMILE (206) 621-6443

train derailed at high speed, with several cars and one engine dropping on the freeway below, resulting in catastrophic damage, injuries and deaths.

3.7   When the train derailed, Plaintiff HILIARIO was propelled violently within the railroad car where he was riding, suffering severe personal injuries that include, but are not limited to, multiple fractured ribs, punctured lungs, pelvic and spinal fractures.

3.8   Defendant was authorized and provided equipment known as "positive train controls" that would have automatically controlled train speed. Defendant had failed to implement this equipment, which, if implemented, would have prevented the excessive speed and derailment.

3.9   Upon information and belief, Defendant did not maintain an adequate staff of train crews for its CASCADES operations and failed to provide sufficient time and training, including new route familiarization, for its operations. Because of inadequate staffing, Defendant had a prior incident on July 2, 2017 involving a derailment. That derailment occurred in the Chambers Bay area south of Tacoma and was also caused by excessive operating speed.

## IV.   DEFENDANT'S TORTIOUS CONDUCT

4.1   Plaintiffs repeats and reallege paragraphs 1.1 through 3.9, inclusive, as though fully set forth herein and incorporates the same by this reference.

4.2   As the result of the above accident, Plaintiff sustained severe personal injury as hereinafter alleged. All of Plaintiff's injuries and damages were directly and proximately caused by the tortious conduct of Defendant AMTRAK, acting through its agents and employees. Defendant's tortious conduct included:

  a. Negligence;

  b. Willful and wanton misconduct;

  c. Operating the train in a reckless manner;

  d. Breach of its enhanced duties as a common carrier of passengers

PLAINTIFF'S COMPLAINT FOR PERSONAL INJURIES - NEGLIGENCE - Page 4

THORNTON MOSTUL, PLLC
1000 SECOND AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98104
TELEPHONE (206) 621-0600 / FACSIMILE (206) 621-6443

4.3     Defendant AMTRAK's tortious conduct included, but is not limited to, operating its train at grossly excessive and unsafe speeds, operating its train at close to 50 MPH over the safe speed for the location, failing to implement positive train controls, failing to provide adequate staffing, training and familiarization for its train crews.

4.4     All of the allegations of this paragraph form common law liability for Defendant AMTRAK.

## V.    INJURIES

5.1     As the result of Defendant's conduct as above alleged, Plaintiff suffered personal injury and damages, including but not limited to eight to ten fractured ribs, punctured lungs, fractured pelvis and spinal fractures.  The exact nature and extent of plaintiff HILARIO's injuries are still being determined.

## VI.    DAMAGES

6.1     As a direct and proximate result of the tortious conduct of Defendant, Plaintiff has sustained permanent injury, lost wages and benefits, medical care and expenses, and future impairment of his earning capacity and damages in a sum to be determined at trial.  At this point, Plaintiff HILARO's future course of recovery is not known, but it is anticipated that Plaintiff HILARIO will have future pain, suffering and disability and may have a permanent loss of employment.  Plaintiff HILARIO is expected to incur substantial future health care and related expenses as the result of his injuries, and will have future pain, suffering and disability.

6.2     Plaintiff CORAZON VALDEZ has experienced a partial loss of the society, comfort and services of her husband HILARIO.  The course of recovery for Plaintiff HILARIO's injuries are not known at this time but it is likely Plaintiff CORAZON will suffer permanent, future loss of her husband HILARIO's society comfort and services.

PLAINTIFF'S COMPLAINT FOR PERSONAL
INJURIES - NEGLIGENCE - Page 5

THORNTON MOSTUL, PLLC
1000 SECOND AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98104
TELEPHONE (206) 621-0600 / FACSIMILE (206) 621-6443

VII.   AGE AND LIFE EXPECTANCY

7.1.   Plaintiff was born in September, 1958 and is now 59 years of age. The average life expectancy for a male of 59 years is 20.84 years.

VIII.   REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the above-named Defendant, in an amount established by the evidence, together with all costs and disbursements herein.

DATED this 3rd day of January, 2018.

THORNTON MOSTUL, PLLC

By_____
   George A. Thornton, WSBA #8198
   Attorneys for Plaintiff


LAW OFFICES OF CHARLES L. MEYER


By   s/s Charles L. Meyer
   Charles L. Meyer, WSBA #5279
   LawOfficesOfCharlesLMeyer@Gmail.com
   1000 – 2nd Avenue, Suite 3200
   Seattle, WA  98104
   206/292-0088
   206/621-6443 (Fax)

PLAINTIFF'S COMPLAINT FOR PERSONAL
INJURIES - NEGLIGENCE - Page 6

THORNTON MOSTUL, PLLC
1000 SECOND AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98104
TELEPHONE (206) 621-0600 / FACSIMILE (206) 621-6443