THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HILARIO VALDEZ and CORAZON VALDEZ, husband and wife,

Plaintiffs,

v.

NATIONAL RAILROAD PASSENGER CORPORATION a/k/a AMTRAK, a Washington D.C. Corporation,

Defendant.

Case No. 2:18-CV-00190-RSM

**DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION D/B/A AMTRAK'S ANSWER & AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**

**JURY DEMAND**

Defendant National Railroad Passenger Corporation d/b/a Amtrak ("Amtrak") responds as follows to Plaintiffs' Complaint ("Complaint"):

## ANSWER

I.  PLAINTIFFS' IDENTIFICATION OF PARTIES AND STATEMENT OF JURISDICTION AND VENUE

1.1    Amtrak lacks information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 1.1 of the Complaint and therefore denies the same.

1.2    Amtrak admits the allegations of Paragraph 1.2 of the Complaint.

1.3    Amtrak admits that the passenger train trip at issue in this litigation originated in Seattle, Washington and that its intended destination was Portland, Oregon. Except as expressly admitted herein, Amtrak denies the allegations of Paragraph 1.3 of the Complaint.

DEFENDANT NRPC D/B/A AMTRAK'S ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND- 1
Case No. 2:18-CV-00190-RSM
019188.0390/7184682.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

1.4	Amtrak admits that the Amtrak Cascades train service in the Pacific Northwest uses Talgo passenger cars. Except as expressly admitted herein, Amtrak denies the allegations of Paragraph 1.4 of the Complaint.

1.5	Amtrak lacks information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 1.5 of the Complaint and therefore denies the same.

1.6	Amtrak states that the allegations regarding jurisdiction and venue in Paragraph 1.6 are moot given the removal of this action to the United States District Court for the Western District of Washington, where jurisdiction and venue are proper.

II.	PLAINTIFFS' ALLEGATIONS REGARDING AGENCY

2.1	Amtrak admits that it is a common carrier of its passengers. Except as expressly admitted herein, Amtrak denies the allegations of Paragraph 2.1 of the Complaint.

2.2	Amtrak lacks information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 2.2 of the Complaint and therefore denies the same.

III.	ALLEGED ACCIDENT FACTS

3.1	Amtrak admits Plaintiff Hilario Valdez was aboard Amtrak Cascades Train 501 at the time of the December 18, 2017 derailment. Except as expressly admitted herein, Amtrak denies the allegations of Paragraph 3.1 of the Complaint.

3.2	Amtrak denies the allegations of Paragraph 3.2 of the Complaint.

3.3	Amtrak admits that at approximately 7:33 a.m. on December 18, 2017, Amtrak Cascades Train 501 was traveling on the Point Defiance Bypass section of the Lakewood Subdivision, a section of trackage over which it has operating rights. Except as expressly admitted herein, Amtrak denies the allegations of Paragraph 3.3 of the Complaint.

3.4	Amtrak denies the allegations of Paragraph 3.4 of the Complaint.

3.5	Amtrak admits that on December 18, 2017, the speed restriction for Amtrak Cascades Train 501 over the section of trackage where the December 18, 2017 derailment occurred is 30 mph. Except as expressly admitted herein, Amtrak denies the allegations of Paragraph 3.5 of the Complaint.

DEFENDANT NRPC D/B/A AMTRAK'S ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND- 2
Case No. 2:18-CV-00190-RSM
019188.0390/7184682.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

3.6     Amtrak denies the allegations of Paragraph 3.6 of the Complaint, except that it admits that Amtrak Cascades Train 501 was traveling in excess of the allowable speed at some point prior to the derailment.

3.7     Amtrak lacks information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 3.7 of the Complaint and therefore denies the same.

3.8     Amtrak denies the allegations of Paragraph 3.8 of the Complaint.

3.9     Amtrak denies the allegations of Paragraph 3.9 of the Complaint.

### IV.     DEFENDANT'S ALLEGED TORTIOUS CONDUCT

4.1     Amtrak repeats and re-alleges its responses to Paragraphs 1.1 through 3.9, inclusive, as though fully set forth herein and incorporates the same by reference.

4.2     Amtrak denies the allegations of Paragraph 4.2 of the Complaint, except that in this civil action, Amtrak will not contest liability for compensatory damages proximately caused by the derailment of Train 501 on December 18, 2017.

4.3     Amtrak denies the allegations of Paragraph 4.3 of the Complaint, except that in this civil action, Amtrak will not contest liability for compensatory damages proximately caused by the derailment of Train 501 on December 18, 2017.

4.4     Amtrak denies the allegations of Paragraph 4.4 of the Complaint, except that in this civil action, Amtrak will not contest liability for compensatory damages proximately caused by the derailment of Train 501 on December 18, 2017.

### V.     ALLEGED INJURIES

5.1     Amtrak lacks information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 5.1 of the Complaint and therefore denies the same.

### VI.     ALLEGED DAMAGES

6.1     Amtrak denies the allegations of Paragraph 6.1 of the Complaint, except that in this civil action, Amtrak will not contest liability for compensatory damages proximately caused by the derailment of Train 501 on December 18, 2017.

DEFENDANT NRPC D/B/A AMTRAK'S ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND- 3
Case No.  2:18-CV-00190-RSM
019188.0390/7184682.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

6.2    Amtrak lacks information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 6.2 of the Complaint and therefore denies the same.

## VII.    ALLEGED AGE AND LIFE EXPECTANCY

7.1    Amtrak lacks information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 7.1 of the Complaint and therefore denies the same.

## VIII.    PLAINTIFFS' REQUEST FOR RELIEF

Amtrak denies that Plaintiffs are entitled to the relief sought in the Complaint.

## AFFIRMATIVE DEFENSES

By way of further answer and affirmative defenses to Plaintiffs' Complaint, Amtrak alleges as follows:

1.    To the extent Plaintiffs have failed to mitigate their damages, any recovery should be reduced accordingly.

2.    Any claim for punitive damages is barred by 49 U.S.C. § 28103.

3.    Any claim for punitive damages is barred by the United States Constitution, including, *inter alia*, the Due Process, Equal Protection and Excessive Fines Clauses, as well as the Washington Constitution and applicable statutory provisions.

4.    Plaintiffs' award, if any, is controlled and limited by the applicable provisions of 49 U.S.C. § 28103.

5.    To the extent certain expenses incurred by Plaintiffs arising from the incident in question have been paid by Amtrak, any recovery by Plaintiffs should be reduced to the extent of such payments pursuant to the doctrine of accord and satisfaction.

6.    Amtrak reserves the right to amend this answer and affirmative defenses to allege additional defenses, add additional parties, and bring third-party claims, as may be identified during the course of discovery and investigation.

DEFENDANT NRPC D/B/A AMTRAK'S ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND- 4
Case No.  2:18-CV-00190-RSM
019188.0390/7184682.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

**PRAYER FOR RELIEF**

WHEREFORE, having fully answered Plaintiffs' Complaint and set forth its affirmative defenses Amtrak prays as follows:

1. That Amtrak be granted its costs, including reasonable attorneys' fees, incurred in defending this action; and

2. That the Court grant Amtrak such other relief as it deems just and equitable under the circumstances.

DATED this 5th day of March 2018.

                LANE POWELL PC


By: */s/ Tim D. Wackerbarth*
    Tim D. Wackerbarth, WSBA No. 13673
    wackerbartht@lanepowell.com
    Andrew G. Yates, WSBA No. 34239
    yatesa@lanepowell.com
    Warren E. Babb, Jr., WSBA No. 13410
    babbw@lanepowell.com
    Rachel B. Greenlee, WSBA No. 49873
    greenleer@lanepowell.com

Attorneys for Defendant National Railroad Passenger Corporation d/b/a Amtrak

DEFENDANT NRPC D/B/A AMTRAK'S ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND- 5
Case No. 2:18-CV-00190-RSM
019188.0390/7184682.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Defendant National Railroad Passenger Company d/b/a Amtrak herein requests a jury trial by a jury of twelve in the above-referenced matter.

DATED this 5th day of March 2018.

                        LANE POWELL PC

By: */s/ Tim D. Wackerbarth*
    Tim D. Wackerbarth, WSBA No. 13673
    wackerbartht@lanepowell.com
    Andrew G. Yates, WSBA No. 34239
    yatesa@lanepowell.com
    Warren E. Babb, Jr., WSBA No. 13410
    babbw@lanepowell.com
    Rachel B. Greenlee, WSBA No. 49873
    greenleer@lanepowell.com

Attorneys for Defendant National Railroad Passenger Corporation d/b/a Amtrak

DEFENDANT NRPC D/B/A AMTRAK'S ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND- 6
Case No. 2:18-CV-00190-RSM
019188.0390/7184682.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

## CERTIFICATE OF SERVICE

Pursuant to RCW 9A.72.085, the undersigned certifies under penalty of perjury under the laws of the State of Washington, that on the 5th day of March, 2018, the document attached hereto was presented to the Clerk of the Court for filing and uploading to the CM/ECF system. In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to the following persons:

George A. Thornton
Thornton Mostul, P.L.L.C.
1000 Second Avenue, Suite 3200
Seattle, WA 98104-1074
gthornton@thorntonmostullaw.com

Charles L. Meyer
Law Offices of Charles L. Meyer
1000 Second Avenue, Suite 3200
Seattle, WA 98104-3602
lawofficesofcharleslmeyer@gmail.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Executed on the 5th day of March, 2018, at Seattle, Washington.

*/s/ Sabrina Mitchell*
Sabrina Mitchell

---

DEFENDANT NRPC D/B/A AMTRAK'S ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND- 7
Case No.  2:18-CV-00190-RSM
019188.0390/7184682.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107